**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNIVERSAL WELDING & FABRICATION, INC., an Alaska Corporation, | No. 15-35906 |
| | D.C. No. 4:14-cv-00021-TMB |
| Plaintiff-Appellant, | |
| v. | MEMORANDUM[*] |
| UNITED STATES ARMY CORPS OF ENGINEERS and CHRISTOPHER D. LESTOCHI, Colonel, in his official capacity as Commander of the Alaska District of the Corps, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, Chief Judge, Presiding

Argued and Submitted August 16, 2017
Anchorage, Alaska

Before: GRABER, CLIFTON, and M. SMITH, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Plaintiff Universal Welding appeals the district court's grant of summary judgment to the United States Army Corps of Engineers as to Plaintiff's claim that the Corps' permit decision was invalid under the Administrative Procedure Act. Reviewing de novo, "thus reviewing directly the agency's action under the [APA's] arbitrary and capricious standard," we affirm. *Alaska Wilderness League v. Jewell*, 788 F.3d 1212, 1217 (9th Cir. 2015) (internal quotation marks omitted).

Plaintiff argues that the Corps' permit decision was invalid because the Corps lacks jurisdiction over the wetland on Plaintiff's property. Specifically, Plaintiff contends that the Corps plainly erred in interpreting 33 C.F.R. § 328.3(a)(7) to provide, rather than preclude, the Corps' jurisdiction over the subject wetland. That provision appears within a list of waters over which the Corps may exercise regulatory jurisdiction:

(1) Waters that were, are, or may be used in interstate or foreign commerce;

(2) "All interstate waters including interstate wetlands";

(3) "All other waters . . . , the use, degradation or destruction of which could affect interstate or foreign commerce";

(4) All impoundments of identified waters;

(5) "Tributaries of waters identified in paragraphs (a)(1) through (4) of this section";

(6) "The territorial seas"; and,

(7) "Wetlands adjacent to waters (other than waters that are themselves wetlands) identified in paragraphs (a)(1) through (6) of this section."

33 C.F.R. § 328.3(a) (2014).

The regulation clarifies that "[t]he term adjacent means bordering, contiguous, or neighboring" and that "[w]etlands separated from other waters of the United States by man-made dikes or barriers, natural river berms, beach dunes and the like" are nonetheless "adjacent wetlands." 33 C.F.R. § 328.3(c).

Plaintiff argues that, under § 328.3(a)(7), the wetland on its property falls within an exception to the Corps' regulatory authority. The Corps concluded that it had jurisdiction over the subject wetland under § 328.3(a)(7) because that wetland is adjacent to Channel C, which serves as a tributary to a non-wetland jurisdictional water, Chena Slough. *See* § 328.3(a)(1), (5), (7). Despite the subject wetland's adjacency to another wetland, the Corps determined that its regulatory authority was not precluded by the parenthetical language within § 328.3(a)(7), which it interpreted as prohibiting the exercise of jurisdiction over a wetland only if *based upon* that wetland's adjacency to another wetland.

An agency's interpretation of its own regulation is "controlling unless plainly erroneous or inconsistent with the regulation." *Auer v. Robbins*, 519 U.S. 452, 461 (1997) (internal quotation marks omitted). The Corps' interpretation of § 328.3(a)(7) is not plainly erroneous. To the contrary, it is the most reasonable reading of the regulation's text. The Corps' interpretation of the regulation is

3

supported by the placement of the parenthetical, "other than waters that are themselves wetlands," which modifies the "waters" to which the wetlands must be adjacent for the Corps to exercise jurisdiction on that provision's basis. § 328.3(a)(7).

To the extent that Plaintiff argues that all wetlands adjacent to other wetlands fall outside the Corps' regulatory authority, regardless of their adjacency to a non-wetland water that would otherwise render them jurisdictional, we conclude that this reading is unsupported by the regulation's plain language. We also reject Plaintiff's argument that the subject wetland's adjacency to Channel C is defeated by a wetland situated between the subject wetland and Channel C. Although the wetland on Plaintiff's property does not immediately abut Channel C, the Corps' definition of "adjacent" permits "neighboring" waters to meet the adjacency requirement, even if separated from another jurisdictional water by a barrier, berm, or the like. *See* § 328.3(c).

Plaintiff's additional challenges are also unavailing. Plaintiff argues that it offers a "better" interpretation of the regulation, which would augment the limiting effect of § 328.3(a)(7)'s parenthetical language. Yet, a "better" interpretation would not make the Corps' interpretation plainly erroneous, the standard under which we must evaluate the Corps' interpretation. Under the proper standard, "an

agency's interpretation need not be the only possible reading of a regulation—or even the best one—to prevail." *Decker v. Nw. Envt'l Def. Ctr.*, 568 U.S. 597, 613 (2013). Moreover, for the reasons already discussed, we are not persuaded that Plaintiff's interpretation is in fact "better."

Finally, we conclude that the Corps' jurisdictional determination was not arbitrary or capricious. Applying its interpretation of § 328.3(a)(7), the Corps determined that the subject wetland is jurisdictional because it is adjacent to Channel C and sustains a significant nexus to Chena Slough. The record supports this conclusion. The record shows that the wetland on Plaintiff's property contributes "shallow subsurface flow" to Channel C. The record also demonstrates that the subject wetland—along with other wetlands in the area and Channel C—"perform[] a variety of hydrologic, physical, geochemical and biological functions critical to the integrity of Chena Slough," such as filtering pollutants, supplying nutrients, and supporting organisms. These unchallenged factual findings are sufficient to support the Corps' jurisdictional determination.

**AFFIRMED.**